IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENISE MARIE DILLON,**<br>    **Plaintiff,**<br><br>    v.<br><br>**ANDREW SAUL,**[1]<br>**Commissioner of Social Security,**<br>    **Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 18-5335** |

**O R D E R**

**AND NOW**, this 15th day of June, 2020, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Judicial Review (Doc. No. 16, filed July 11, 2019); Defendant's Response to Request for Review of Plaintiff (Doc. No. 17, filed July 30, 2019), Plaintiff's Reply Brief in Support of Request for Judicial Review (Doc. No. 19, filed August 13, 2019), and after review of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated February 3, 2020 (Doc. No. 20), Defendant's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 23, filed March 13, 2020), Plaintiff's Memorandum in Support of and Response to Defendant's Objections to Report and Recommendation (Doc, No. 25, filed March 31, 2020), Defendant's Status Update (Doc. No. 26, filed June 2, 2020), and the record in this case, **IT IS ORDERED** as follows:

    1.    The Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated February 3, 2020, is **APPROVED** and **ADOPTED** to the extent it recommends remand of the case for a *de novo* hearing before a different, constitutionally appointed administrative law judge;

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

2.	Defendant's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

3.	Plaintiff's Request for Judicial Review is **GRANTED IN PART AND DENIED IN PART**, as follows:

a.	That part of plaintiff's Request for Judicial Review seeking remand to the Commissioner for a new hearing before a different, constitutionally appointed administrative law judge is **GRANTED**.

b.	Plaintiff's Request for Judicial Review is **DENIED** in all other respects.

4.	The matter is **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g), for a *de novo* hearing before a different, constitutionally appointed administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **MARK** the case **CLOSED.**

The decision of the Court is based on the following:

**I.	INTRODUCTION**

This case is an appeal from the final decision of defendant, the Commissioner of Social Security ("Commissioner"), denying plaintiff Denise Dillon's claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("SSA"). The denial was based on the decision by an Administrative Law Judge ("ALJ") that plaintiff is not disabled under the SSA. By Order dated August 1, 2019, this Court referred the case to United States Magistrate Judge Henry S. Perkin for a Report and Recommendation ("R & R"). On February 3, 2020, Judge Perkin issued a R & R recommending that plaintiff's Request for Judicial Review be granted. In her Request for Judicial Review, plaintiff sought a reversal of the Commissioner's

decision that plaintiff was not disabled under the SSA and, in the alternative, remand of the case for a new hearing before a properly appointed ALJ. Pl.'s Br. 25-26.

Presently before the Court are defendant's Objections to the R & R. For the reasons that follow, the Court approves and adopts the R & R to the extent it recommends remand of the case for a new hearing before a different, constitutionally appointed ALJ, grants plaintiff's Request for Judicial Review to that extent and denies it in all other respects, and overrules defendant's Objections.

## II. BACKGROUND

The background of this case is set forth in Magistrate Judge Perkin's R & R and will be recited in this Order only as necessary to address defendant's Objections.

Plaintiff was initially denied SSI on November 17, 2010. Administrative R. ("R.") at 133. After plaintiff filed a request for a hearing, a hearing before an ALJ was held on November 5, 2013. *Id.* at 43. In a decision dated March 5, 2014, the ALJ concluded that plaintiff was not disabled under the SSA. *Id.* at 13. Plaintiff subsequently filed a request for review, which was denied by the Appeals Council on January 5, 2016. *Id.* at 1. The ALJ's determination was thus affirmed as the Commissioner's final decision.

On March 7, 2016, plaintiff commenced a civil action (Case No. 16-1060) in this Court seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). On October 18, 2016, this Court granted defendant's Motion to Remand for further development of the record and re-evaluation of plaintiff's disability claim. The Appeals Counsel remanded the case to an ALJ on December 12, 2016. R. at 1197-1201.

While her appeal was pending in this Court, plaintiff filed a second application for SSI benefits on March 30, 2016, which was initially denied on July 20, 2016. *Id.* at 1191, 1292.

After plaintiff filed a request for hearing, her second application was consolidated with the first on remand from this Court. *Id.* at 1111. A hearing before an ALJ was held on June 2, 2017. *Id.* at 1121-53. In a decision dated September 14, 2017, the ALJ concluded that plaintiff was not disabled under the SSA. *Id.* at 1097-1120. Plaintiff's exceptions to the ALJ decision were denied by the Appeals Council on October 12, 2018. *Id.* at 1084-87, 1362. The ALJ's determination was thus affirmed as the Commissioner's final decision.

Plaintiff commenced this action seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) on December 11, 2018. In her Request for Judicial Review, plaintiff argues that the Commissioner's decision is erroneous as a matter of law and unsupported by substantial evidence. Pl.'s Br. 1. In the alternative, plaintiff contends that, based on the Supreme Court decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), the ALJ who heard her claim was not constitutionally appointed pursuant to the Appointments Clause of Article II and requests that the case be remanded for a new hearing before a different, constitutionally appointed ALJ. *Id.* at 6-7.

In response, the Commissioner did not dispute that the presiding ALJ was improperly appointed, Def.'s Resp. 5 n.2, but argued that plaintiff's Appointments Clause claim must be dismissed because it was not timely raised during the administrative process, *id.* at 4-15. On January 23, 2020, the Third Circuit held that claimants for Social Security disability benefits need not exhaust their Appointments Clause challenges before the Agency. *See Cirko on behalf of Cirko v. Cmm'r of Social Security*, 948 F.3d 148, 153 (3d Cir. 2020).

On February 3, 2020, Magistrate Judge Perkin issued a Report and Recommendation in this case. Judge Perkin recommended that the case be remanded to the Commissioner for a new hearing before a different, constitutionally appointed ALJ. R&R at 1. Defendant filed

Objections to the Magistrate Judge's Report and Recommendation on March 13, 2020. Plaintiff responded on March 31, 2020.

### III.  LEGAL STANDARD

A district court evaluates *de novo* those portions of a magistrate judge's Report and Recommendation to which an objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV.  DISCUSSION

In his Response to plaintiff's Request for Judicial Review, defendant argued that, because plaintiff did not raise her challenge to the presiding ALJ's appointment during the administrative process, her claim was forfeited. Def.'s Resp. 4-15. The Third Circuit subsequently held in *Cirko* that claimants for Social Security disability benefits need not exhaust their Appointments Clause challenges before the Agency. 948 F.3d at 152. In his Objections to the Magistrate Judge's Report and Recommendation, defendant concedes that this Court must follow the *Cirko* decision but nonetheless argues that plaintiff is not entitled to relief under *Lucia* to "preserve the issue for potential further review." Objs. at 2.[2]

Based on *Cirko*, this Court concludes that plaintiff was not required to exhaust her Appointments Clause claim before the Agency. The Court thus approves and adopts the R & R to the extent it recommends remand for a *de novo* hearing before a different, constitutionally appointed ALJ, grants the Request for Judicial Review to that extent and denies it in all other respects, and overrules defendant's Objections.

---

[2] In his Objections, defendant also requested that the Court postpone its decision in this case until the Third Circuit ruled on the rehearing petition in *Cirko*. Objs. 4. That petition was denied on March 26, 2020. Def.'s Status Update ¶ 1.

## V. CONCLUSION

For the foregoing reasons, the R & R is approved and adopted to the extent it recommends remand for a *de novo* hearing before a different, constitutionally appointed administrative law judge, the Request for Judicial Review is granted to that extent and denied in all other respects, and defendant's Objections to the Magistrate Judge's Report and Recommendation are overruled. The case is remanded to the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), for a *de novo* hearing before a different, constitutionally appointed administrative law judge.[3]

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**

---

[3] Because the improperly-appointed ALJ's decision denying benefits was a nullity, the Court does not address the merits of plaintiff's additional claims.